By the Court.
This case originated before the public utilities commission of Ohio upon complaint of Chauncey R. Bunnell, a resident of Warren county, filed on July 2, 1914, asking for restoration of telephone service from Mills Corner to his residence. After a hearing before the commission an order of restoration of service w.as made, from which order the telephone company prosecuted error.
The record and finding of the commission disclose that in 1905 and until about May 1, 1914, telephone service was furnished to the complainant and others in his vicinity, and installed originally under an agreement that complainant and his associates would construct a telephone line upon the public highway from Mills Corner to their respective residences, the distance to complainant’s residence being about two-thirds of a mile; that pursuant to the agreement such telephone line was constructed by complainant and his associates, the necessary wires, however, although paid for by .them, being strung by the company and connected with defendant’s line at Mills Corner, the line, with the exception of pole renewal, being kept in .repair by the company. In 1911 The New Burlington Mutual Telephone Company obtained from complainant the right to the use of the pole line from complainant’s residence to Mills Corner ■under an agreement obligating itself to renew- the *392 pole line constructed by complainant, providing he would furnish timber to make necessary pole renewals. In the month of April, 1914, one of the poles having been cut down, interfering with defendant’s service, it cut the wires leading to complainant’s residence, discontinued the service and removed the telephone from his residence. Soon thereafter the New Burlington Company renewed the pole and restored the line, but the Valley Company then refused to restore its former service.
Under the peculiar state of facts in this case it is evident that, under the original agreement for installation,’ the obligation rests upon the complainant to restore and keep in repair the line from Mills Corner to his residence, the wires of which to be strung by the company, and under the same arrangement the obligation rests upon the defendant company, upon such renewal and repair, to furnish the complainant such service as the commission deems just and reasonable under the authority conferred by Section 614-12, General Code.
The record disclosing that the line in question has been repaired, since the disconnection of the service, by the New Burlington Company, we are ■ unable to see any error in the order of the commission directing the restoration of service under their contractual obligations, at the rates and upon the terms designated in such order until the publication and filing with the commission of a proper schedule in conformity with law.
Since no schedule of rates was filed with the commission, the question of discriminatory or *393 preferential rates under a preexisting contract (Section 614-19, General Code) was, of necessity, not before the commission. Its jurisdiction relating to service, however, was not ousted thereby.
The orders of the public utilities commission are affirmed.

Order affirmed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.